[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14664
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00477-JSM-PRL


THOMAS O'STEEN MONROE,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 15, 2019)

Before WILSON, GRANT, and HULL, Circuit Judges.

PER CURIAM:

This is an employment dispute.  Thomas Monroe is a former correctional

officer with the Florida Department of Corrections (FDOC) who was diagnosed

with Post-Traumatic Stress Disorder (PTSD).  He requested an indefinite leave of absence due to his PTSD, and, shortly thereafter, the FDOC terminated his employment.  Monroe then filed this action, asserting claims of disability discrimination and retaliation, in violation of the Florida Civil Rights Act (FCRA), Fla. Stat. §§ 760.10(1)(a), (7).  The district court granted summary judgment in favor of the FDOC on all of Monroe's claims.

On appeal, Monroe argues that the court erred when it granted summary judgment on his disability discrimination claim because he established a prima facie case of discrimination.  He also argues that the court disregarded *Young v. United Parcel Serv., Inc.*, 575 U.S. ___, 135 S. Ct. 1338 (2015), by failing to properly consider whether the FDOC accommodated other employees' requests for indefinite leave.  As to his retaliation claim, Monroe contends that the court erred when it concluded that he could not have had an objectively reasonable belief that his request for indefinite leave was a statutorily protected activity.  We conclude that the district court did not err and therefore affirm.[1]

---

[1] We dispense at the outset with Monroe's argument that the district court failed to construe as a "qualification standard," and thus failed to analyze under *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73 (2002), the FDOC's requirement that his leave request specify a return date.  As *Chevron* explains, asserting that a requirement is a qualification standard is an employer's affirmative defense, not an employee's.  And the FDOC did not raise this defense in its motion for summary judgment.  *See id.* at 78.

I.

We first address Monroe's argument that the district court erroneously concluded that he failed to establish a prima facie case of disability discrimination. We review orders granting summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (per curiam). Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* We "may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

The FCRA prohibits employers from discharging or otherwise discriminating against any individual "because of such individual's . . . handicap." Fla. Stat. § 760.10(1)(a). Disability discrimination claims brought under the FCRA are analyzed under the American with Disabilities Act (ADA) framework. *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263–64 (2007) (per curiam). The ADA likewise prohibits employment discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

3

Courts apply a burden-shifting analysis to ADA claims. *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007). Under this framework, a plaintiff must first establish a prima facie case of employment discrimination by showing that "(1) he [was] disabled; (2) he [was] a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Holly*, 492 F.3d at 1255–56. If an employee makes this showing, the employer must articulate "a legitimate, non-discriminatory reason for the challenged action." *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). Once an employer articulates such a reason, the employee must present evidence showing that the employer's proffered reason was pretextual. *See id.* at 1243.

A "qualified individual" is defined under the ADA as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Thus, if [the plaintiff] is unable to perform an essential function of his . . . job, even with an accommodation, he is, by definition, not a 'qualified individual' and, therefore, not covered under the ADA." *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000).

An employer's failure to reasonably accommodate a disabled individual is discrimination under the ADA. *Holly*, 492 F.3d at 1262; 42 U.S.C. § 12112(b)(5)(A). In establishing a prima facie case of discrimination, the plaintiff

4

bears the burden both to identify an accommodation and to show that it is reasonable. *See Willis v. Conopco, Inc.*, 108 F.3d 282, 284–86 (11th Cir. 1997) (per curiam). Reasonable accommodations may include: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B). However, because the ADA covers people who can perform their essential job functions in the present or immediate future, requests for indefinite leave so an employee can work "at some uncertain point in the future" are inherently unreasonable. *See Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003). This is true even if the employer previously granted periods of indefinite leave because "prior accommodations do not make an accommodation reasonable." *Id.*

Here, the district court correctly granted the FDOC's summary judgment motion on Monroe's discrimination claim. Monroe's doctor's note indicated that he could not work at the time he was fired, and Monroe admitted that he could not perform his job duties at that time. Additionally, Monroe's doctor did not give, and could not have given, a date when Monroe could return to work. Our case law is clear that indefinite leave is not a reasonable accommodation and that it was Monroe's duty to identify such an accommodation. *Wood*, 323 F.3d at 1314; *Willis*, 108 F.3d at 284–86. Thus, because the record indicates that Monroe could

5

not perform his job duties with or without a reasonable accommodation, Monroe was not a qualified individual under the ADA. *Davis*, 205 F.3d at 1305. Therefore, he failed to establish a prima facie case of disability discrimination. Accordingly, we affirm the grant of summary judgment for this claim.[2]

## II.

Next, we consider Monroe's argument that the district court's grant of summary judgment was contrary to *Young*. In *Young*, the Supreme Court determined that, in a claim under the Pregnancy Discrimination Act (PDA), an employer's apparently legitimate reasons for failing to accommodate a pregnant employee could be rebutted by showing that the employer accommodated a large percentage of nonpregnant workers but did not accommodate a large percentage of pregnant workers. 135 S. Ct. at 1353–55. The Court noted that this approach was "consistent with [its] longstanding rule that a plaintiff can use circumstantial proof to rebut an employer's apparently legitimate, nondiscriminatory reasons for treating individuals within a protected class differently than those outside the

---

[2] We have considered Monroe's arguments that he was discriminated against under "mixed-motives," "convincing mosaic," and disparate treatment theories and note that, to the extent these theories apply to FCRA disability discrimination claims, they fail for the same reason. The same is true for Monroe's argument that the FDOC failed to engage in an interactive dialogue with him. *See Frazier-White v. Gee*, 818 F.3d 1249, 1257–58 (11th Cir. 2016) (holding that where an employee failed to identify a reasonable accommodation, there was "no basis for imposing liability on [the defendant] for failing to engage in an interactive process" (internal quotation mark omitted)).

protected class." *Id.* at 1355. Subsequently, we determined that "[t]he rationale and holding in *Young* [were] based on, and therefore limited to, the language in a specific provision of the PDA" and, thus, were not automatically transferable outside of that context. *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1025 (11th Cir. 2016).

Monroe's claims were brought under the FCRA and analyzed under the ADA. But *Young* applies to the PDA and did not create any special considerations for ADA claims. We note that, even if it *Young* does apply, Monroe did not provide any evidence showing that he was treated differently than other employees who took leave, as he did not show how long they were out, whether they were out for medical reasons, or whether they had PTSD or depression. Accordingly, the district court's decision was not contrary to *Young*.

### III.

Finally, we address whether the district court erred by granting summary judgment in favor of the FDOC on Monroe's retaliation claim. The FCRA provides that an employer cannot "discriminate against any person because that person has opposed" an unlawful employment practice or made a charge under the FCRA. Fla. Stat. § 760.10(7). As with disability discrimination claims, retaliation claims brought under the FCRA are analyzed under the ADA framework. *Frazier-White*, 818 F.3d at 1258. The ADA, in turn, provides that "[n]o person

7

shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a).

The burden-shifting analysis applicable to ADA discrimination claims is applicable to ADA retaliation claims. *See Batson v. Salvation Army*, 897 F.3d 1320, 1328–29 (11th Cir. 2018). To establish a prima facie case of retaliation under the ADA, the plaintiff must show, among other things, that he engaged in a statutorily protected expression. *Id.* at 1329. The employee must have had a good faith, reasonable belief that the activity was protected by the statute. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998). As with discrimination claims, once the prima facie case is established, and the defendant produces a legitimate, non-discriminatory reason for an action, the plaintiff must show that the defendant's proffered reason was pretextual. *Batson*, 897 F.3d at 1329.

Here, Monroe's only purported protected activity was his request for indefinite leave. Because our caselaw was and is clear that a request for indefinite leave is not a reasonable accommodation, Monroe could not have had a good faith, reasonable belief that he was engaging in protected activity. *See Wood*, 323 F.3d at 1314; *Standard*, 161 F.3d at 1328. Additionally, Monroe did not present any evidence showing that the FDOC's proffered reason for terminating him—that he

8

was unable to perform his assigned duties—was pretextual.  *Batson*, 897 F.3d

at 1329.  Accordingly, we affirm the district court's grant of summary judgment on

Monroe's retaliation claim.

**AFFIRMED.**